U.S. COURTS

JUL 0 2 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

**CITY OF TWIN FALLS, IDAHO; MATTHEW LONG, individually and in his official capacity; NICOLE SWAFFORD, individually and in her official capacity; SEAN STANLEY, individually and in his official capacity; INDIVIDUAL OFFICERS 1-10, of the Twin Falls Police Department, individually and in their official capacities; UNKNOWN OFFICERS 1-5 of the Twin Falls Fire Department, individually and in their official capacities**

Defendants,

vs.

**SCOTT W RECORD,**
pro se,

Plaintiff,

Case No.: 1:25-CV-345-DCN

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**

_____
**Judicial Officer**

_____
**Courtroom Number**

_____
**Date and Time of Hearing**

**COMES NOW,** Plaintiff Scott W Record, appearing pro se, and for his complaint against the above-named defendants, alleges as follows::

1

Record v City of Twin Falls, et al - COMPLAINT

# I. INTRODUCTION

This civil rights action arises from an unlawful administrative search and systematic harassment campaign conducted by Defendants against Plaintiff's commercial properties and tenants. Under the guise of a "fire safety inspection," Defendants orchestrated a pretextual search designed to circumvent constitutional protections and enforce zoning violations through unconstitutional means. The search was followed by immediate posting of condemnation notices without due process, constructively evicting lawful tenants and causing substantial property damage and reputational harm.

# II. JURISDICTION AND VENUE

**1.**     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**2.**     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**3.**     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Twin Falls County, Idaho, which is within this judicial district.

Record v City of Twin Falls, et al - COMPLAINT

1

## III. PARTIES

2    **4.**    Plaintiff W. SCOTT RECORD is an individual and citizen of Idaho who

3    owns commercial properties at 700 and 714 Shoshone Street West, Twin Falls,

     Idaho.

4

5    **5.**    Defendant CITY OF TWIN FALLS, IDAHO is a municipal corporation

     organized under Idaho law.

6

7    **6.**    Defendant MATTHEW LONG is and was at all relevant times the Building

     Official for the City of Twin Falls, sued in his individual and official capacities.

8

9    **8.**    Defendant NICOLE SWAFFORD is and was at all relevant times the Acting

     City Attorney for the City of Twin Falls, sued in her individual and official

10   capacities.

11   **9.**    Defendant SHAWN STANLEY is and was at all relevant times a Code

     Enforcement Officer for the City of Twin Falls, sued in his individual and official

12   capacities.

13   **10.**    Defendants DOES 1-10 are individuals whose true names are unknown to

14   Plaintiff but who participated in the constitutional violations alleged herein.

15

16

Record v City of Twin Falls, et al - COMPLAINT

1    **11.**    At all relevant times, individual Defendants were acting under color of state

2    law within the meaning of 42 U.S.C. § 1983.

3    ## IV. FACTUAL ALLEGATIONS

4    **A. Property Background and Permitted Uses**

5    **12.**    Plaintiff owns commercial properties located at 700 and 714 Shoshone Street

     West, Twin Falls, Idaho (the "Properties").

6

7    **13.**    The Properties are zoned M2 Heavy Manufacturing District under Twin

     Falls Municipal Code.

8

9    **14.** Twin Falls Municipal Code explicitly permits "household units in the same

     buildings as an allowed use and occupied by the owner or an employee of the

10   allowed use" in M2 zoning.

11   **15.**    Since purchasing the Properties, Plaintiff has maintained tenants in

     residential units, many of whom performed work for Plaintiff's businesses,

12   qualifying as "employees" under the municipal code.

13

14   **16.**    The Properties contain established residential facilities including individual

     unit numbers, separate entrances, kitchens, bathrooms, utilities, and mail delivery.

15

16

Record v City of Twin Falls, et al - COMPLAINT

**B. Pattern of Selective Enforcement (2021-2023)**

17.    In June 2021, Defendants became aware that Dustin Brower was residing in one of Plaintiff's buildings without authorization.

18.    When Plaintiff attempted to remove Brower, Twin Falls Police informed Plaintiff he needed to evict Brower from "his residence," explicitly treating the building as residential.

19.    Plaintiff requested that Defendant Stanley cite Brower for zoning violations to assist with removal.

20.    Despite repeated requests, Defendant Stanley refused to issue citations against Brower, establishing a pattern of selective non-enforcement.

21.    Police refused to enter the building to investigate drug paraphernalia found by Plaintiff, stating it was Brower's "residence" and they would not antagonize him due to his violent history.

22.    Upon information and belief, Defendants are aware of numerous other M2-zoned properties with residential uses that have not been subject to enforcement actions.

Record v City of Twin Falls, et al - COMPLAINT

**23.** Defendants have selectively enforced zoning regulations against Plaintiff while ignoring similar violations by others, demonstrating discriminatory enforcement.

**C. Pre-Search Harassment and Warrant Procurement**

**24.** In early 2023, Defendants began targeting Plaintiff's Properties under the pretext of investigating "complaints."

**25.** Defendant Long requested to inspect the Properties, claiming unspecified complaints had been received.

**26.** When Plaintiff asked to see the complaints, Defendants refused to provide them and could not substantiate their existence.

**27.** Plaintiff cooperated and escorted Defendants through portions of the Properties.

**28.** Defendants focused their inspection on areas they had internally designated as "residential" on city maps, indicating premeditation to target residential use rather than investigate fire safety.

**29.** Defendants demanded Plaintiff install 6-inch address numbers but made no other fire safety requests.

Record v City of Twin Falls, et al - COMPLAINT

**30.**    When Defendants requested a second inspection and Plaintiff declined, Defendant Long threatened to obtain a search warrant.

**31.** On August 21, 2023, City Prosecutor Shane Nope was terminated from his position.

**32.**    On August 23, 2023, just two days after Nope's termination, Defendants obtained administrative search warrants from Magistrate Judge Benjamin D. Harmer.

**33.**    The timing of the warrant procurement immediately following the prosecutor's termination suggests improper motivation and prosecutorial misconduct.

**D. The False Warrant Affidavit**

**34.**    Defendant Long submitted a sworn affidavit to obtain the administrative search warrant pursuant to Idaho Code § 41-259 and IEBC § 104.6.

**35.**    Long's affidavit claimed authority to inspect for fire safety violations and alleged conditions making the structures "unsafe, dangerous, or hazardous."

**36.**    Long's affidavit contained material false statements and omitted crucial facts, including: a. The Properties were well-maintained with functional fire safety

Record v City of Twin Falls, et al - COMPLAINT

equipment; b. No legitimate fire safety complaints had been received; c. The true purpose was to investigate zoning violations, not fire safety; d. The search was designed to substantiate residential use for zoning enforcement.

**37.**    Long later admitted to Plaintiff that he "was not expecting the buildings to be as nice as they were inside," confirming his prejudgment and lack of reasonable basis for the warrant.

**38.**    The warrant application violated Idaho Code § 41-259, which requires a "written and signed complaint of any person" or necessity determination by the fire marshal, neither of which existed.

**E. The Unconstitutional Search (August 23, 2023)**

**39.**    On August 23, 2023, Plaintiff was attending a mandatory 3-day fiberglass and spray foam insulation training seminar in Boise, Idaho.

**40.**    At approximately 9:08 AM, Defendant Spendlove called Plaintiff, leaving a message about serving warrants.

**41.**    At approximately 11:00 AM, Spendlove called again, and Plaintiff explained he was in training and would call back by end of day.

Record v City of Twin Falls, et al - COMPLAINT

42.   Despite knowing Plaintiff was unavailable and having constitutional rights to be present during the search, Defendants proceeded with execution at approximately 1:45 PM.

43.   Defendants executed the search with an excessive show of force, including up to six police vehicles and multiple uniformed officers.

44.   At 700 Shoshone Street West, Defendants served tenant James McCoy with the warrant, took photographs, and left without finding violations.

45.   Defendants next entered Unit F, serving tenant Joseph Requa, who requested an explanation and asked that the warrant be read to him.

46.   When Requa questioned alleged "ingress and egress issues," officials pointed to unused doors and a 6-foot extension cord, demonstrating their search for pretextual violations.

47.   When officials claimed "lack of fire suppression equipment," Requa produced a fully charged 5-pound fire extinguisher, contradicting their allegations.

48.   According to Requa's observations, Defendants appeared to lack prior knowledge of building conditions and seemed to be "fishing for violations."

Record v City of Twin Falls, et al - COMPLAINT

**F. Violations at 714 Shoshone Street West**

**49.**    At 714 Shoshone Street West, Defendants forced entry past tenant Richard Moeller despite his verbal protests.

**50.**    Moeller, who suffers from kidney failure requiring weekly dialysis and severe visual impairment, requested that the warrant be read to him.

**51.**    Defendants refused to read the warrant to the disabled tenant and denied him a copy, violating both the warrant requirements and Americans with Disabilities Act.

**52.**    Defendants physically forced their way past Moeller, holding the door open with their feet and pushing past him.

**53.**    Other tenants, including Ruben Aspeytia and Adriana Bower, were questioned about electrical problems but were not shown the warrant or provided copies as required.

**54.**    No tenant at 714 Shoshone Street West received a copy of the warrant despite explicit court orders requiring such service.

**G. Immediate Constructive Eviction Without Due Process**

**55.**    Immediately following the search and before leaving the Properties, Defendants posted large red "DO NOT ENTER - UNSAFE TO OCCUPY" notices on multiple buildings.

**56.**    The notices were posted without any administrative hearing, opportunity to cure violations, or due process procedures required under Idaho law.

**57.**    The notices effectively prohibited all entry except for repairs or demolition, constructively evicting all tenants immediately.

**58.**    Defendant Swafford, acting in her capacity as prosecutor, authored and directed the posting of these notices knowing they violated due process requirements.

**59.**    The notices were posted on buildings visible from Shoshone Street, a state highway, causing immediate and severe reputational damage.

**60.**    The constructive eviction displaced vulnerable tenants, including disabled individuals on limited incomes who faced homelessness.

**H. Post-Search Harassment and Retaliation**

**61.**    Following the search, Defendant Stanley issued multiple citations to Plaintiff without probable cause and through improper procedures.

Record v City of Twin Falls, et al - COMPLAINT

62.    Stanley refused to serve citations through Plaintiff's attorney despite Plaintiff's explicit request to do so.

63.    On multiple occasions, Stanley demanded personal service at Plaintiff's residence, escalating to arrest warrants when Plaintiff was unavailable.

64.    During one incident, Stanley came to Plaintiff's residence while Plaintiff was sleeping, then failed to respond to Plaintiff's return calls and texts.

65.    The following day, Stanley obtained an arrest warrant and had police arrest Plaintiff at his business, despite having no urgent need for immediate detention.

66.    Stanley arrested Plaintiff at least twice on these citations, demonstrating a pattern of harassment and intimidation.

67.    In February 2024, Defendants contacted real estate broker Christy Latta, warning her not to sell Plaintiff's property and claiming it was "under investigation," further damaging Plaintiff's reputation and property value.

**I. Damages and Ongoing Harm**

68.    As a direct result of Defendants' actions, Plaintiff has suffered substantial damages including: a. Loss of rental income from constructively evicted tenants; b. Diminished property values due to posted condemnation notices; c. Reputational

Record v City of Twin Falls, et al - COMPLAINT

harm from public notices on state highway; d. Interference with property sale negotiations; e. Forced expenditure on property improvements to remove stigma; f. Legal fees and costs defending against improper citations; g. Emotional distress and business disruption.

**69.**    Plaintiff has been forced to consider selling properties at reduced values to finance improvements necessitated by Defendants' actions.

**70.**    The ongoing threat of continued harassment and enforcement actions creates a chilling effect on Plaintiff's constitutional rights.

# V. CAUSES OF ACTION

**COUNT I: 42 U.S.C. § 1983 - FOURTH AMENDMENT VIOLATION (UNREASONABLE SEARCH AND SEIZURE)**

*Against All Individual Defendants*

**71.**    Plaintiff incorporates by reference all preceding paragraphs.

**72.**    The Fourth Amendment protects against unreasonable searches and seizures and requires that warrants be supported by probable cause and describe with particularity the places to be searched.

**73.**    Defendants' administrative search violated the Fourth Amendment by: a. Obtaining a warrant through false and misleading statements; b. Using a fire safety

Record v City of Twin Falls, et al - COMPLAINT

inspection as pretext to investigate zoning violations; c. Failing to establish

probable cause for fire safety concerns; d. Exceeding the scope of administrative

search authority; e. Denying Plaintiff's right to be present during the search; f.

Failing to provide proper warrant service to tenants.

**74.**    Individual Defendants knew or reasonably should have known that their

conduct violated clearly established constitutional rights. At the time of the search,

it was clearly established that administrative searches must be based on genuine

regulatory concerns and cannot be used as pretexts to investigate unrelated

violations. The law was clearly established that fire safety inspections require

actual fire safety concerns, not zoning enforcement purposes.

**75.**    As a direct and proximate result of Defendants' violations, Plaintiff suffered

damages as alleged herein.

**COUNT II: 42 U.S.C. § 1983 - FOURTH AMENDMENT VIOLATION
(UNLAWFUL ARREST AND SEIZURE)**

*Against Defendant Stanley*

**76.**    Plaintiff incorporates by reference all preceding paragraphs.

**77.**    Defendant Stanley violated Plaintiff's Fourth Amendment rights by causing

his arrest without probable cause and through improper procedures.

Record v City of Twin Falls, et al - COMPLAINT

1

**78.**     Stanley's conduct was objectively unreasonable and violated clearly

2

established law by: a. Refusing reasonable service through counsel; b. Escalating

civil citation service to criminal arrest; c. Obtaining arrest warrants without exigent

3

circumstances; d. Using arrest as harassment and intimidation tactic.

4

**79.**     As a direct and proximate result, Plaintiff suffered false imprisonment,

5

humiliation, legal expenses, and violation of his constitutional rights.

6

**COUNT III: 42 U.S.C. § 1983 - FIFTH AMENDMENT VIOLATION (SUBSTANTIVE DUE PROCESS)**

7

*Against All Individual Defendants*

8

**80.**     Plaintiff incorporates by reference all preceding paragraphs.

9

**81.**     The Fifth Amendment protects against arbitrary government action that

10

deprives individuals of life, liberty, or property without due process of law.

11

**82.**     Defendants' conduct was arbitrary, capricious, and shocking to the

12

conscience, including: a. Posting condemnation notices without hearings or

opportunity to cure; b. Selective enforcement based on improper motives; c. Using

13

administrative processes to circumvent constitutional protections; d. Deliberately

14

deceiving judicial officers to obtain warrants.

15

16

Record v City of Twin Falls, et al - COMPLAINT

Any reasonable official would have known that posting condemnation notices without due process violates the Fourteenth Amendment. At the time of Defendants' conduct, it was clearly established that property owners have a right to notice and hearing before being deprived of the use and enjoyment of their property.

83.    Defendants' actions substantially interfered with Plaintiff's fundamental property rights without legitimate government purpose.

**COUNT IV: 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT VIOLATION (EQUAL PROTECTION)**

*Against All Individual Defendants*

84.    Plaintiff incorporates by reference all preceding paragraphs.

85.    The Fourteenth Amendment guarantees equal protection under the law and prohibits selective enforcement without rational basis.

86.    Defendants selectively enforced zoning regulations against Plaintiff while ignoring similar violations by others.

87.    The selective enforcement lacked any legitimate government purpose and was motivated by improper considerations.

Record v City of Twin Falls, et al - COMPLAINT

**COUNT V: 42 U.S.C. § 1983 - PROCEDURAL DUE PROCESS VIOLATION**

*Against Defendants Swafford and Long*

**88.**   Plaintiff incorporates by reference all preceding paragraphs.

**89.**   The Fourteenth Amendment requires procedural due process before depriving individuals of property interests.

**90.**   Defendants Swafford and Long violated procedural due process by posting condemnation notices without: a. Prior notice and opportunity to be heard; b. Administrative hearing procedures; c. Opportunity to cure alleged violations; d. Compliance with statutory requirements.  The right to procedural due process before property condemnation was clearly established at the time of Defendants' conduct. Any reasonable official would have known that immediate posting of "DO NOT ENTER" notices without prior hearing violates clearly established constitutional rights.

**COUNT VI: 42 U.S.C. § 1983 - MONELL CLAIM (MUNICIPAL LIABILITY)**

*Against Defendant City of Twin Falls*

**91.**   Plaintiff incorporates by reference all preceding paragraphs.

Record v City of Twin Falls, et al - COMPLAINT

**92.**    The constitutional violations alleged herein resulted from official policies, customs, or practices of Defendant City of Twin Falls.

**93.**    The City maintained policies or customs that were the moving force behind the constitutional violations, including: a. Inadequate training on constitutional requirements for administrative searches; b. Policy of aggressive zoning enforcement without regard to due process; c. Custom of selective enforcement against disfavored property owners; d. Failure to supervise officials engaged in constitutional violations.

**94.**    The City's deliberate indifference to constitutional requirements caused the violations of Plaintiff's rights.

**COUNT VII: REGULATORY TAKING (FIFTH AMENDMENT)**

*Against All Defendants*

**95.**    Plaintiff incorporates by reference all preceding paragraphs.

**96.**    The Fifth Amendment prohibits taking private property for public use without just compensation.

**97.**    Defendants' actions constituted a regulatory taking by: a. Substantially interfering with Plaintiff's investment-backed expectations; b. Denying

18

Record v City of Twin Falls, et al - COMPLAINT

economically viable use of the Properties; c. Physically invading the Properties through posted notices; d. Destroying property value through public condemnation.

**98.**    No compensation has been provided for the taking of Plaintiff's property rights.

**COUNT VIII: INTENTIONAL INTERFERENCE WITH CONTRACT (STATE LAW)**

*Against All Defendants*

**99.**    Plaintiff incorporates by reference all preceding paragraphs.

**100.**    Plaintiff had valid contractual relationships with tenants for rental of the Properties.

**101.**    Defendants knew of these contractual relationships and intentionally interfered with them by posting notices that prevented tenants from occupying their rented premises.

**102.**    Defendants' interference was improper and without justification.

**103.**    As a direct result, Plaintiff suffered damages including lost rental income and breach of contract claims.

Record v City of Twin Falls, et al - COMPLAINT

**COUNT IX: CONSTRUCTIVE EVICTION (STATE LAW)**

*Against All Defendants*

**104.** Plaintiff incorporates by reference all preceding paragraphs.

**105.** Defendants' posting of condemnation notices without due process constituted constructive eviction of Plaintiff's tenants.

**106.** The constructive eviction violated Idaho statutory procedures and deprived tenants of their lawful right to possession and enjoyment of their rented premises.

**107.** Plaintiff suffered damages from the wrongful constructive eviction of his tenants.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**A. DECLARATORY RELIEF:**

1. Declare that Defendants' conduct violated Plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments;

2. Declare the administrative search warrant invalid and all evidence obtained thereby inadmissible;

Record v City of Twin Falls, et al - COMPLAINT

3. Declare that the posted condemnation notices were issued without due process and are null and void.

**B. INJUNCTIVE RELIEF:**

1. Order immediate removal of all "DO NOT ENTER" notices posted on Plaintiff's Properties;

2. Enjoin Defendants from conducting further searches of Plaintiff's Properties without compliance with constitutional requirements;

3. Enjoin Defendants from issuing citations or taking enforcement actions against Plaintiff without proper procedural safeguards;

4. Order Defendants to implement policies ensuring compliance with constitutional requirements for administrative searches and due process procedures.

**C. MONETARY DAMAGES:**

1. **Compensatory damages** in an amount to be proven at trial for all economic losses, including but not limited to: a. Lost rental income from constructive eviction of tenants; b. Diminished property values caused by public posting of condemnation notices; c. Lost business opportunities and interference with property sales; d. Costs of property improvements necessitated by

21

Record v City of Twin Falls, et al - COMPLAINT

Defendants' actions; e. Reputational damages and harm to business

relationships; f. Emotional distress, humiliation, and personal suffering;

2. **Punitive damages** against individual Defendants in their personal capacities

for willful, wanton, and malicious violations of Plaintiff's clearly established

constitutional rights;

3. **Consequential damages** for all foreseeable harm flowing from Defendants'

constitutional violations;

4. Pre-judgment and post-judgment interest on all monetary awards.

## D. ATTORNEY'S FEES AND COSTS:

1. Attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other

applicable law.

## E. PROCEDURAL ACCOMMODATIONS:

4. Order that substantive motions in this matter be decided on comprehensive

written submissions and briefs, consistent with the Court's discretion under

Federal Rule of Civil Procedure 78 and in the interests of judicial efficiency.

## F. SUCH OTHER RELIEF:

1. Such other and further relief as this Court deems just and proper.

Record v City of Twin Falls, et al - COMPLAINT

# VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this Wednesday, July 2, 2025

**SCOTT W RECORD**, pro se
255 Blue Lakes Blvd N.
#516
Twin Falls, IDAHO 83301
Email: sales@viralnrg.com
Phone: (208)320-8786

**Signature**: /s/ Scott W Record, pro se

Record v City of Twin Falls, et al - COMPLAINT