UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT W. RECORD,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF TWIN FALLS, IDAHO, et al.,<br><br>           Defendants. | Case No. 1:25-cv-00345-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are five motions filed by the Plaintiff, Scott Record. Dkts. 3, 4, 12, 16, 18. Upon review, and for the reasons set forth below, the Court DENIES all motions and DISMISSES this case for lack of jurisdiction.[1]

## II. BACKGROUND

Scott Record is a resident of Twin Falls, Idaho. The Defendants are the City of Twin Falls and various city employees. Record alleges Defendants are harassing him and violating his constitutional rights by pursuing three misdemeanor actions against him. *See generally* Dkt. 1; *see also* Dkt. 7, at 5–7 (describing Record's alleged violations of Twin Falls safety and building codes). Alongside his Complaint, Record filed an Emergency Motion for Temporary Restraining Order (Dkt. 3) and Motion for Leave to File Electronically (Dkt. 4).

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

In his Emergency Motion, Record claims the Defendants have perpetrated a pattern of unconstitutional violations against him "under the guise of local enforcement proceedings." Dkt. 3, at 2. He argues Defendants have violated his constitutional rights by conducting "unlawful administrative search[es] . . . based on a warrant obtained through material misrepresentations," condemning his properties "without due process," and initiating a "campaign of selective enforcement and harassment" against him. *Id*. at 3. He asks the Court to "immediately enjoin Defendants from proceeding with any state court hearings, trials, or enforcement actions . . . ." *Id*. at 8.

Defendants appeared (Dkt. 6) and responded in opposition to Record's Emergency Motion for Temporary Restraining Order (Dkt. 7). Defendants also pointed out that Record had not properly served one of the Defendants. Dkt. 7, at 1.

Record then filed an Emergency Motion for Alternative Service to effectuate service on the unserved defendant. Dkt. 12.

Record also filed a Motion for Leave to Amend Complaint arguing he had found additional information in support of his claims. Dkt. 16. A few days later, Record filed a Second Motion for Leave to Amend Complaint again asserting he should be allowed to file an amended complaint to "incorporate new factual details, evidence, and ongoing violations . . . ." Dkt. 18, at 2.

Defendants oppose both Motions to Amend. Dkts. 20, 21. Defendants first point out Record failed to follow the local rules by not including a redline versions of his proposed changes. Second, Defendants note that, while leave to amend should be freely given, there is no need to allow amendment in this case because Record's amendments are futile. Third,

MEMORANDUM DECISION AND ORDER - 2

Defendants explain the reason Record's amendments are futile is because the Court lacks jurisdiction to hear this case under the *Younger* abstention doctrine.

Record replied, provided redline copies of his amendments, and argued certain exceptions to the *Younger* doctrine apply here and do not bar his case. Dkt. 23.

The matters are ripe for review.

### III. DISCUSSION

Because *Younger* abstention applies and the Court lacks jurisdiction, all of Record's outstanding motions are DENIED and the case is DISMISSED.

The United States Supreme Court has long held that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (cleaned up). The Court, citing comity concerns, later extended the *Younger* principle to civil enforcement actions "akin to" criminal proceedings, *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system," *Juidice v. Vail,* 430 U.S. 327, 335 (1977).

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

First, there are three state judicial proceedings pending against Record.[2] The first *Younger* factor is satisfied.

Second, the proceedings implicate a significant state interest. Defendants have strong interests in enforcing their municipal health, safety, and building codes, as well as their permitting process which allows inspectors to ensure compliance with said municipal codes. *See e.g. Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 884 (9th Cir. 2011) (collecting cases finding significant state interests in municipal health, safety, and land use). These actions are all vital to protect the public health and welfare.

Third, Record will have every opportunity to defend himself in state court and he can raise any constitutional challenge he feels appropriate. By all accounts, he is actively engaged in the process and, should the need arise, he can appeal any adverse ruling.

Record asserts this case presents an exception to the *Younger* doctrine because the Defendants are acting in bad faith, and he does not have an adequate remedy in state court. Dkt. 23, at 3–5. The Court disagrees.

Record argues the Defendants singled him out for prosecution and that the state court has denied all his motions. Setting aside Record's self-serving statements and opinions on these topics, the Court cannot find any evidence to suggest Defendants are engaged in bad faith against Record sufficient to warrant the extraordinary measure of federal court intervention.

---

[2] The Idaho State Repository shows all three cases are open and pending as of the date of this order. The Court takes judicial notice of this fact. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

MEMORANDUM DECISION AND ORDER - 4

What's more, Record's recounting of his state court proceedings illustrates he is defending himself in that forum and has adequate remedies. That he may be losing motions is not sufficient reason for this Court to intervene. And, as noted, Record can always appeal if unsatisfied with the state court rulings.

In short, *Younger* abstention applies because Record's state criminal cases are ongoing, the proceedings involve important state interests, and Record has a fair opportunity to defend himself. As a result, the Court must dismiss this case. *See Judice v. Vail,* 430 U.S. 327, 348 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).[3]

## IV. ORDER

1. Record's Emergency Motion for Temporary Restraining Order (Dkt. 4) is DENIED.
2. Record's Motions to Amend (Dkts. 16, 18) are DENIED.
3. Record's procedural motions (Dkts. 4, 12) are DENIED as MOOT.
4. This case is DISMISSED for lack of jurisdiction and CLOSED.

DATED: November 10, 2025

David C. Nye
Chief U.S. District Court Judge

---

[3] For these same reasons, amendment is unnecessary, and emergency relief is unwarranted.